UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-23116-CIV COOKE/BANDSTRA

FOAD FARAHI,

    *Petitioner*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Respondents*.

_____/

### ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on Respondents' Motion to Dismiss [D.E. 14].[1] The motion is fully briefed and ripe for adjudication. For the reasons set forth below, Respondents' Motion to Dismiss is GRANTED.

**I. BACKGROUND**

Foad Farahi ("Farahi") is seeking asylum from Iran. On October 23, 2007, an Immigration Judge accepted Farahi's withdrawal of his applications for asylum and withholding of removal, and granted him a pre-hearing voluntary departure under 8 U.S.C. § 1229c(a). Farahi then filed a motion to reopen and reconsider said decision, asserting that he did not knowingly and voluntarily withdraw his asylum application because he was under duress at the time of withdrawal. Farahi claims that Immigration and Customs Enforcement (ICE) agents threatened

---

[1] Petitioner argues that Respondents' motion to dismiss should be stricken for failure to abide by S.D. Fla. Local Rule 7.3, requiring a pre-filing conference, and Local Rule 7.1, requiring a memorandum of law to support a motion to dismiss. Respondents correctly point out that a pre-filing conference is not required before a motion to involuntarily dismiss an action and that the legal authority provided in Respondents' motion to dismiss satisfies the memorandum of law requirement.

him with incarceration without relief and prosecution for terrorism to the fullest extent of the law if he did not withdraw his asylum application.  The Immigration Judge rejected this motion on November 19, 2007.  Subsequently, Farahi filed his Petition for Habeas Corpus with this Court.  Before I issued an order regarding that habeas petition, Petitioner was released from detention.  I then granted in part and denied in part the Petitioner's emergency motion for a temporary restraining order.  My December 19, 2007 order reserved judgment on whether the District Court has jurisdiction over Petitioner's Constitutional claims until the administrative appeals were resolved, but required that Petitioner not be removed or transferred from this jurisdiction without first being brought before me [D.E. 12].

On December 30, 2008, the Board of Immigration Appeals ("BIA" or "Board") dismissed Petitioner's appeal.  The BIA found that the Immigration Judge informed the Petitioner of his right to appeal, and the Petitioner nevertheless affirmatively waived appeal of all issues relating to the voluntary departure. The Board found it lacked jurisdiction to adjudicate the withdrawal of Petitioner's asylum and withholding of removal applications.  Further, the BIA rejected Petitioner's motion to reopen and reconsider, finding that Petitioner's withdrawal of his application for asylum was knowing and voluntary.  Pursuant to the Immigration Judge's order, the BIA permitted respondent to voluntarily depart from the United States within thirty days of December 30, 2008.  The Immigration Judge included an alternative order of removal in the event Farahi failed to depart by that date.

On January 29, 2009, Petitioner filed an appeal with the Court of Appeals for the Eleventh Circuit. Respondents argue that the appeal to the Circuit Court granted exclusive jurisdiction to the Eleventh Circuit.  Therefore, Respondents have filed a motion to dismiss the habeas petition pending in this Court.  Petitioner, however, is concerned that he may not be able

to avail himself of this appeal if he is removed from the United States and his claims are deemed moot.

## II. RELEVANT STANDARDS

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (noting that "federal courts are courts of limited jurisdiction") (citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) and quoting from *Bischoff v. Osceola County*, 222 F.3d 874, 877-78 (11th Cir. 2000)).  A petitioner bears the burden of establishing subject matter jurisdiction.  *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).  In this case, the Respondent's motion to dismiss under FED. R. CIV. P. 12(b)(1), asserts a "facial attack" to jurisdiction.  To evaluate a "facial attack," the court will look to the complaint to determine whether the Petitioner has alleged a basis of subject matter jurisdiction.  *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1009).

## III. DISCUSSION

The Circuit Court has exclusive jurisdiction to review Petitioner's removal order, despite any other provision of law, including habeas corpus.  8 U.S.C. § 1252(a).  Section 1252(a), as amended by Section 106 of the REAL ID Act,  provides an adequate and effective substitute for habeas relief insofar as the Circuit Court's scope of review is the same as that provided by a habeas remedy.

> Section 106 of the REAL ID Act does not violate the Suspension
> Clause of the Constitution because it provides, through review by a
> federal court of appeals, an adequate and effective remedy to test
> the legality of an alien's detention.  Even though habeas corpus
> relief is precluded by the REAL ID Act, a deportable alien can still
> seek review of constitutional and legal claims by moving the BIA
> to reopen and reconsider its previous ruling, and if unsuccessful, by

filing a petition for review in the court of appeals.

*Alexandre v. U.S. Atty. Gen.,* 452 F.3d 1204, 1206 (11th Cir. 2006).

Insofar as the Court of Appeals may address the concerns raised by the Petitioner, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). The Immigration Judge's order of voluntary departure and alternative order of removal fall within the relevant chapter. *See* 8 U.S.C. § 1229c(a) and 8 C.F.R. § 1240.26(d). Petitioner correctly points out that habeas review is preserved for issues other than review of final orders of removal, such as detention. *Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir. 2005) (transferring habeas petition challenging detention, and not removal, back to District Court). However, Petitioner has been released from detention, so no habeas issue regarding detention remains.

A motion to stay voluntary departure or involuntary removal is functionally equivalent to the habeas relief Petitioner seeks from this Court. The Court of Appeals is the appropriate court in which to file such a motion, as they now have exclusive jurisdiction over the petition. *See Alexandre*, 452 F.3d at 1206.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion To Dismiss [DE 14] is **GRANTED.** Further, it is ordered that this Court's previous order requiring the government to bring the Petitioner before this court once more before his removal or transfer from the jurisdiction is **VACATED.** The Clerk shall **CLOSE** this case. Any pending motions are **DENIED** *as moot.*

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of June 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*